# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LOUIS T. TURNER, | : | |
| Plaintiff, | : | Case No. 3:06CV346 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| BOARD OF COUNTY COMMISSIONERS MONTGOMERY COUNTY JOB AND FAMILY SERVICES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

On November 1, 2006, Plaintiff filed his *pro se* Complaint and paid the required filing fee. A summons was then issued. (Doc. #3). The summons has not been returned executed. Plaintiff was thereafter ordered to Show Cause, on or before March 3, 2007, why his case should not be dismissed due to his failure to effect service of summons and Complaint within 120 days of filing his Complaint as required by Fed. R. Civ. P. 4(m). (Doc. #4). The Order to Show Cause also placed Plaintiff on notice that a failure to respond to the Order may warrant dismissal of this case pursuant to Rule 4(m) or due to lack of prosecution. *Id*.

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(1999)(original italics).  Absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendant.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)(and cases cited therein).  Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.  *See Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996); *see also Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999); *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980).

Plaintiff has failed to effect service of summons and Complaint upon the named defendant as required by Rule 4(m).  The record contains no indication that the named defendant has waived service.  Because Plaintiff did not respond to the Order to Show Cause, the record contains no reason for excusing his failure to effect timely service.  Under these circumstances, although the Court prefers to adjudicate cases on the merits, dismissal of Plaintiff's Complaint without prejudice is warranted under Fed. R. Civ. P. 4(m).  *See Friedman*, 929 F.2d at 1156.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be DISMISSED without prejudice; and,

2. The case be terminated on the docket of this Court.

March 8, 2007

                                                   s/ Sharon L. Ovington
                                                   Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).